## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN DOE,<br><br>               Plaintiff,<br><br>    v.<br><br>TRANS UNION RENTAL<br>SCREENING SOLUTIONS, INC.,<br><br>               Defendant. | Civil Action No. 2:23-cv-12244-MFL-CI<br><br><br>**District Judge Matthew F. Leitman**<br><br>**Magistrate Judge Curtis Ivy, Jr.** |

## <u>MOTION FOR ENTRY OF PROTECTIVE ORDER</u>

The Plaintiff, John Doe, hereby moves this Court and requests that he be granted leave to proceed in pseudonym and for a protective order pursuant to Fed. R. Civ. P. 26(c)(1). For the reasons submitted in the attendant memorandum of law in support therefore, the Plaintiff, John Doe, seeks entry of the attached protective order.

Dated: September 1, 2023

**CONSUMER ATTORNEYS**

*/s/ Levi Y. Eidelman*
Levi Y. Eidelman, NY Bar No. 5742499
300 Cadman Plaza West
12th Floor, Suite 12049
Brooklyn, NY 11201
T: (718) 360-0763
E: leidelman@consumerattorneys.com

*Attorneys for Plaintiff John Doe*

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| JOHN DOE,<br><br>                   Plaintiff,<br><br>     v.<br><br>TRANSUNION RENTAL<br>SCREENING SOLUTIONS, INC.,<br><br>              Defendant. | Civil Action No. 2:23-cv-12244-MFL-CI<br><br>**District Judge Matthew F. Leitman**<br><br>**Magistrate Judge Curtis Ivy, Jr.** |

## PLAINTIFF'S JOHN DOE'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN PSEUDONYM AND FOR PROTECTIVE ORDER

The Plaintiff, under the pseudonym John Doe, has moved for leave to proceed in pseudonym and for a protective order pursuant to Fed. R. Civ. P. 26(c)(1) in order to protect the identity of the Plaintiff where there is no less drastic means available to do so.

## INTRODUCTION

This case is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 *U.S.C.* § 1681 *et seq.*, which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of

1

commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the *confidentiality, accuracy, relevancy, and proper utilization of such information* in accordance with the requirements of this subchapter.

15 *U.S.C.* § 1681(b) (emphasis added).

The FCRA itself provides that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 *U.S.C.* § 1681(a)(4). In order to protect consumers as fully as possible from unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of compensatory damages and punitive damages and attorney-fee-shifting provisions.

## FACTS

The very nature of the case elucidates the reason that the Plaintiff is entitled to protection and should be permitted to proceed pseudonymously. Defendant TransUnion Rental Screening Solutions, Inc. ("Defendant" or "TURSS") published a consumer report containing expunged criminal information that caused Plaintiff to lose housing, among other injuries. The allegations against Defendant are based on Defendant's sale of an inaccurate and obsolete housing-purposed consumer report to Evernest-UW, a property manager. Compl., ¶¶ 43-51. Evernest-UW, after reviewing a consumer report from Defendant, denied Plaintiff's housing application. *Id*., ¶¶ 57, 66. The expunged felony record was the only criminal record that had

2

appeared on Defendant's consumer report concerning Plaintiff, because Plaintiff had no other reportable criminal records, such that the denial was based on the non-reportable and inaccurate expunged criminal record information. *See id.*, ¶¶ 59-60, 65.

However, while Plaintiff had been convicted of a felony in the past, after submitting an application and completing all necessary steps pursuant to Michigan State law, Plaintiff successfully had the record set aside by order of the relevant Michigan court on or about September 20, 2020. *See id.*, ¶ 50. Currently, such criminal records are not in existence because they had been expunged and, as a result, Plaintiff has no criminal record. *Id.*, ¶¶ 50-53

Thus, Plaintiff is entitled to the effect of the expungement when applying for housing and as the subject of housing-purposed consumer reports. Unfortunately for the Plaintiff, the report that Defendant sold to Evernest-UW was used by Evernest-UW to deny him housing. Plaintiff has every reason to believe that if other people, including current and future landlords or rental companies, discovered that he had a criminal record, even an expunged record, it would harm his reputation, his financial condition, and his relationships.

In order to litigate his claims against Defendant, the parties will necessarily have to present evidence as to Plaintiff's expunged criminal conviction. Without using a pseudonym, Plaintiff's name and his expunged criminal record will become

public, and he will be stripped of the protections which his expungement and the FCRA afford him.  That is, without the use of a pseudonym, Plaintiff will not be effectively permitted to avail himself of his FCRA rights and remedies without visiting upon himself the same harm (although in a degree of greater proportion) from which the FCRA and expungement proceedings provide protection.  Thus, unless Plaintiff is permitted to proceed in pseudonym, he will be prevented from vindicating his rights.

## ARGUMENT

Generally, the Federal Rules of Civil Procedure requires that a complaint state the names of the parties. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). However, courts have excused plaintiffs from identifying themselves under specific circumstances by granting a protective order. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Considerations for allowing a plaintiff to use a pseudonym include,

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy;' (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

Courts have also considered whether allowing a plaintiff to proceed under a pseudonym would force defendants to proceed with insufficient information to

4

construct their arguments against the plaintiff. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

Applying these factors, courts have found information of the utmost intimacy to include criminal records: "A criminal record is one that carries a very negative connotation in society which can be embarrassing and humiliating if that information becomes public." *Doe v. Ronan*, No. 1:09cv243, 2009 U.S. Dist. LEXIS 147007, at *2 (S.D. Ohio June 4, 2009). Courts also give additional consideration when the criminal record at issue has been expunged. *Id.* at *3.

Applying the relevant *Doe v. Porter* factors to this case leads to the conclusion that the public interest in favor of open judicial proceedings is far outweighed by Plaintiff's interest in keeping his identity private to protect himself from further economic and reputational harm. Because this suit arises out of Defendant's reporting of Plaintiff's expunged criminal record, it is necessary for both parties to disclose such criminal record information over the course of litigation. As established earlier in this memorandum, criminal records are highly intimate documents under the second *Doe v. Porter* factor – the fact that Plaintiff's criminal records were expunged only provides additional considerations in his favor. Under Michigan law, Plaintiff is considered to have never been convicted due to the set-aside order. *See* Mich. Comp. Laws § 780.622 ("[u]pon the entry of an order . . . the applicant . . . is considered not to have been previously convicted"). The disclosure

of Plaintiff's identity in this matter would undermine not only the purpose of the federal FCRA but also the very act of expungement, which was intended to prevent Plaintiff from suffering the harms that Defendant's reporting of inaccurate information has inflicted upon him.

Further, the public interest in knowing the identity of the Plaintiff does not extend beyond the basic public interest in keeping legal proceedings transparent, in general. There is nothing about the Plaintiff's identity or status which elevates the public interest in this case. Defendant will be able to litigate against Plaintiff fully and fairly without publicly revealing his identity, as Defendant already knows his identity. On the other hand, the harm to Plaintiff in having his identity revealed is certain and severe. It includes not only social stigma, but also a strong likelihood of impairment to his housing and employment ability. Without a protective order granting Plaintiff pseudonymity, information regarding Plaintiff's expunged criminal conviction would be publicly identified on the Court's docket and become freely available without restriction. That is, the precise injury litigated against (exposure of the expunged conviction to his potential lessor) would be incurred to a much greater degree (exposure of his expunged conviction to the world) as a result of the disclosure of his identity in this lawsuit. And certainly, unless permitted to proceed under pseudonym, Plaintiff will be subject to the "infamy associated with criminal behavior." *Doe v. Ronan*, No. 1:09cv243, 2009 U.S. Dist. LEXIS 147007,

at *3 (S.D. Ohio June 4, 2009) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

The usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law (in this instance, the FCRA) without visiting upon themselves the same injury for which they are suing. That is, an order denying permission to proceed in pseudonym in this case would have a chilling effect on any consumer's ability to vindicate their rights where an expunged conviction is improperly revealed. An adverse decision here would thwart the public's interest in ensuring that consumers receive the protections of the FCRA and are permitted access to the judicial system to vindicate those rights. Therefore, "while the issues in this litigation present matters which may garner some public interest, that public interest can be met without the necessity of disclosure of the plaintiff's identity." *Jones v. Oss Orthopaedic Hosp.*, 2016 U.S. Dist. LEXIS 89787 at *4.

Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this authority, Plaintiff seeks an order protecting his privacy and confidentiality throughout the proceedings and to avoid disclosure of his identity so as to avoid making his expunged record public.

Specifically, Plaintiff asks this Court to permit him to proceed in this Court in pseudonym. In the event that Plaintiff's true identity must be revealed during these proceedings, Plaintiff requests this Court enter a protective order which would require any reference to his true identity or identifying information to be filed under seal.

Dated: September 1, 2023                    **CONSUMER ATTORNEYS**

*/s/ Levi Y. Eidelman*
Levi Y. Eidelman, NY Bar No. 5742499
300 Cadman Plaza West
12th Floor, Suite 12049
Brooklyn, NY 11201
T: (718) 360-0763
E: leidelman@consumerattorneys.com

*Attorneys for Plaintiff John Doe*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 1, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER ATTORNEYS**

By: */s/ Sierra M. Stewart*
Sierra M. Stewart