UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

    Plaintiff,

                                                  Case No. 23-cv-12244
v.                                              Hon. Matthew F. Leitman

TRANSUNION RENTAL
SCREENING SOLUTIONS, INC.

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER (ECF No. 3)

In this action, Plaintiff John Doe alleges that Defendant TransUnion Rental Screening Solutions, Inc. violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, when TransUnion "published a consumer report containing expunged criminal information that caused Plaintiff to lose housing, among other injuries." (Mot., ECF No. 3, PageID.26.)

Currently before the Court is Plaintiff's motion for a protective order that would allow him to proceed under a pseudonym in this case. (*See* Mot., ECF No. 3.) Plaintiff says that needs to proceed under a pseudonym so that he does not suffer any additional adverse consequences from being associated with his now-expunged criminal conviction. (*See id.*)  The Court agrees.

1

If Plaintiff were required to proceed under his own name, he would be publicly associated with the "infamy associated with criminal behavior" and criminal convictions that are now expunged. *Doe v. Ronan*, 2009 WL 10679478, at *2 (S.D. Ohio, June 4, 2009) (granting motion allowing plaintiff to proceed under a pseudonym in order to avoid association with expunged criminal conviction). That would undo the protections afforded to him under Michigan law when the convictions were expunged. Moreover, it would subject Plaintiff to the same harms that he claims TransUnion subjected him to – namely, public association with the now-expunged criminal acts. Finally, TransUnion is aware of Plaintiff's identity, will not be prejudiced in its defense of Plaintiff's claims if Plaintiff is permitted to proceed under a pseudonym, and has not filed any opposition to Plaintiff's request.

Accordingly, for all of the reasons explained above, and the reasons further explained in Plaintiff's motion, the Court concludes "that the interest of protecting the Plaintiff's identity outweighs that of the public's interest in knowing [Plaintiff's] true identity." *Id.* Plaintiff's motion for a protective order (ECF No. 3.) is therefore **GRANTED**. All references to Plaintiff in pleadings, exhibits, or otherwise shall identify him as "John Doe" or be redacted as necessary to protect his identity.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: December 11, 2023

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 11, 2023, by electronic means and/or ordinary mail.

                                          s/Holly A. Ryan
                                          Case Manager
                                          (313) 234-5126